FILED

2009 Aug-21  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LORI SIMPSON,

      PLAINTIFF,

v.                               CASE NO.: CV-08-J-1805-S

BOARD OF TRUSTEES OF THE
UNIVERSITY OF ALABAMA,

      DEFENDANT.

## <u>MEMORANDUM OPINION</u>

Pending before the court is the defendant's motion for summary judgment and evidence in support of said motion (doc. 11), and the plaintiff's response and evidence in opposition (doc. 12). Having considered the pleadings and evidence, the court finds as follows:

### I.  Factual Background

Plaintiff sues her past employer for violations of Title VII, 42 U.S.C. §§ 2000e *et seq*., and 42 U.S.C. § 1981, for race discrimination and retaliation.[1] Complaint, ¶ 1. The facts relevant to this case start in March of 2007, when plaintiff applied for the position of Administrative Support Specialist in UAB's Department of Graduate

---

[1] The plaintiff voluntarily dismissed her §1983 claim.  Plaintiff's response, at 12.

Medical Education ("GME").[2]  Complaint, ¶ 7.  The plaintiff, an African-American woman, was hired as a temporary employee in this position on March 12, 2007, at $15.00 per hour.  Simpson affidavit, ¶¶ 1-2, 10-12; Complaint, ¶ 14.  Craft hired the plaintiff to perform routine clerical duties.  Craft affidavit, ¶¶ 8, 10.  Although the plaintiff requested to be trained on Oracle, which was used in that office, she was informed that temporary employees could not use or access Oracle.  Simpson affidavit, ¶¶ 19-21.

Plaintiff inquired twice about becoming a permanent employee and both times Craft[3] told her she was not ready to make a decision.[4]  *Id*., ¶¶ 31-34.  The second time she asked , in May 2007, Craft told the plaintiff that things were not working out with her.  *Id*., ¶¶ 34-36.  Craft informed the plaintiff that her attendance was not good, that she was seen talking on her cell phone, and that there were times the plaintiff was not

---

[2]According to Lowell Virginia Craft, the Director of Graduate Medical Education ("GME"), the plaintiff was assigned the Department of GME as a Temporary Services Specialist III.  Craft affidavit, ¶¶ 2, 4.

[3]The plaintiff asserts that during her interview, "Ms. Craft appeared visibly shocked when she saw me because she had not realized that I am African-American."  Simpson affidavit, ¶ 6.  Although no motion to strike has been forthcoming from defendant, the court cannot consider such as statement as within the personal knowledge of the plaintiff.  The plaintiff's affidavit does state that Craft interviewed the plaintiff for more than an hour, and offered the plaintiff the temporary position in question.  Simpson affidavit, ¶ 7-8.

[4]The plaintiff learned that the previous holder of her position was there only two weeks before Craft fired that individual.  Simpson affidavit, ¶ 17.  The plaintiff does not assert the ethnicity of the position's previous incumbent.

in the office.[5] *Id*., ¶¶ 38, 41-46.  In fact, Craft suggested to plaintiff that she look for other positions and told her she would provide a good recommendation.  *Id*., ¶¶ 47-48.

During this same time period, Amy Yates, a white temporary employee, was hired to work in the GME, but given the executive office, paid two dollars more an hour and was given instructions by Craft to pass on to plaintiff.  Simpson affidavit, ¶¶ 51-53, 91.  Yates had different job duties than the plaintiff.  *Id*., ¶¶ 54-56; Craft affidavit, ¶ 14.  Although the plaintiff asserts she and Yates held the same position, Yates was assigned to GME specifically to help with a special project.   Craft affidavit, ¶ 11; Simpson affidavit, ¶ 73, plaintiff exhibit B.

In late May 2007, two vacant positions in GME were posted.   Simpson affidavit ¶ 58-59.  The plaintiff informed Craft that she wanted to interview for the Financial Associate position, and Craft stated she would review the plaintiff's resume.  *Id*., ¶¶ 61-63.   David Bailey, a white male, was selected for that position. Simpson affidavit, ¶¶ 69-70; Craft affidavit, ¶¶ 26.  Simpson asserts that Bailey's qualifications were no greater than her own.  Simpson affidavit, ¶ 82.

---

[5]In her affidavit, the plaintiff asserts that she "interrupted her honeymoon" to go work at GME and therefore needed time off to change her name at the Social Security office and get her driver's license changed.  Simpson affidavit, ¶ 39.

In July 2007, Craft ordered that Yates be trained on Oracle. Simpson affidavit, ¶ 72. According to plaintiff, her own lack of access to Oracle was harming her ability to seek employment. *Id*., ¶ 88. The plaintiff also complains that she was given more menial tasks than Yates. *Id*., ¶ 89.

In October 2007, plaintiff again requested to be made a permanent employee, but received no answer from Craft. Simpson affidavit, ¶ 96-97. Craft states that Simpson was not hired into a regular position because she performed inconsistently and rarely displayed sufficient independent judgment. Craft affidavit, ¶¶ 7, 16-23. The plaintiff was informed that her employment in GME would be ending. Simpson affidavit, ¶ 99; Craft affidavit, ¶ 30. Craft told plaintiff to pick an end date for her employment, and the plaintiff picked November 9, 2007. Simpson affidavit, ¶¶ 102, 115-117; Craft affidavit, ¶ 30.

The plaintiff went to the temporary services office and complained that she was being subjected to unfair and discriminatory practices. Simpson affidavit, ¶¶ 102-103. She further complains that the employee in that office, Revia Lewis, became angry and would not transfer her. Simpson affidavit, ¶¶ 104-111. The plaintiff informed Lewis that she needed to work and reminded her that she had previously complained in July 2007. *Id*., ¶ 106. Lewis' supervisor, Josephine Banks, an African American female, apologized to the plaintiff for Lewis' actions and promised to

investigate the plaintiff's complaints.  *Id.*, ¶ 112; Banks affidavit, ¶ 4; exhibit B to Banks affidavit.  When plaintiff spoke with Banks in October 2007, she informed Banks that she had been denied training on Oracle and Visual Basic computer programs, but admitted the training was not relevant to her job.  Banks affidavit, ¶¶ 5-6.  The plaintiff asserts that Banks called her on October 24, 2007, and stated her employment had ended.  Simpson affidavit, ¶ 119.

According to Craft, Simpson informed Craft by email on October 30, 2007, that she was too stressed to continue working that day and that she would contact Temporary Services to see if they wanted her to return in the morning.  Craft affidavit, ¶¶ 31-32.  On October 30, 2007, Banks told the plaintiff that her assignment with GME would end immediately, based on reports from Craft of plaintiff's poor performance.  Banks affidavit, ¶¶ 9-10; exhibit A to Banks affidavit.

The plaintiff filed a charge of discrimination based on race on November 1, 2007.  Simpson affidavit, ¶ 120; plaintiff exhibit C.  On November 6, 2007, the plaintiff was informed by "Ms. Baker" that she would not receive further positions from UAB.[6]  Simpson affidavit, ¶ 121; plaintiff exhibit C.  Banks informed the plaintiff that her name was being removed from the active list of employees eligible for future temporary assignments based on her uneven performance and complaints

---

[6]The plaintiff provides no explanation of whom Ms. Baker might be.  Based on statements in Ms. Banks' affidavit, the court believes this individual to actually be Ms. Banks.

concerning her behavior. Banks affidavit, ¶¶ 12-13. The plaintiff thus amended her charge of discrimination to include claims for retaliation. Simpson affidavit, ¶¶ 123-124; plaintiff exhibit C.

Based on the above set of facts, the plaintiff brings suit for disparate treatment, failure to promote and unequal pay based on race and for retaliation.

## II. Standard of Review

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986). An issue is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir.1997).

The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential

to that party' case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005).

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir.2000).

### III. Legal Analysis

***Race Discrimination and the Failure to Promote claim:***

A plaintiff may prevail on an employment discrimination claim by either proving that intentional discrimination motivated the employer or producing sufficient evidence to allow a rational trier of fact to disbelieve the legitimate reason

proffered by the employer, which permits, but does not compel, the trier of fact to find illegal discrimination. *Wilson v. B/E Aerospace, Inc*,. 376 F.3d 1079, 1088 (11th Cir. 2004), citing *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 147-48, 120 S.Ct. 2097, 2108-09, 147 L.Ed.2d 105 (2000).

Plaintiff asserts that the above facts constitute race discrimination.[7]  As there is no direct evidence of discrimination, the court applies the analysis required for circumstantial evidence.  This court must apply the three prong test fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973).  *See also Texas Department of Community Affairs v. Burdine,* 450 U.S. 248; 252-253; 101 S.Ct. 1089, 1093-1094 (1981).  First, the plaintiff must establish a *prima facie* case of discrimination.  *McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. at 1824. Establishment of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the employee.  *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-1528 (11th Cir. 1997).  Assuming the employee meets this burden, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged

---

[7]Although plaintiff has stated claims pursuant to 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981, both of these statutes are analyzed under the *McDonnell Douglas* framework.  See e.g., *Standard v. A.B.E.L. Services, Inc.,* 161 F.3d 1318, 1330 (11th Cir.1998); *Peterson v. BMI Refractories,* 132 F.3d 1405, 1412 n. 13 (11th Cir.1998).

discriminatory employment action. *Harris v. Shelby County Board of Education,* 99 F.3d 1078, 1083 (11th Cir.1996).

Once a defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination drops from the case. *Burdine,* 450 U.S. at 255, 101 S.Ct. at 1094 and n. 10.  The plaintiff must then demonstrate by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather a mere pretext for discrimination.  *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825.  The focus of the case after the defendant meets its burden of production is on the defendant's subjective intent and the motivation behind the defendant's adverse employment action directed at plaintiff. *Harris*, 99 F.3d at 1083.

The plaintiff meets her prima facie burden of proof by establishing that (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) the employer treated similarly situated employees outside the class more favorably; and (4) she was qualified to do her job. *See Rice-Lamar v. City of Fort Lauderdale,* 232 F.3d 836, 842-43 (11th Cir.2000); *EEOC v. Joe's Stone Crab, Inc*., 220 F.3d 1263, 1286 (11th Cir.2000).  The plaintiff asserts her claim is based on defendant's failure to train her, failure to make her a permanent employee, and unequal pay.

The court has carefully read the evidentiary submissions.  The plaintiff is a member of a protected class.  The parties do not dispute that she was qualified for her job or that defendant ended her employment.  Rather, the defendant asserts the plaintiff cannot demonstrate any similarly situated employee, outside the plaintiff's protected class, was treated more favorably than she was.

Although the plaintiff asserts she was as qualified as Yates, the plaintiff offers no evidence of Yates' qualifications.  Even assuming that the plaintiff and Yates had the same qualifications, Yates is not an appropriate comparator because she was hired for a different reason than plaintiff, namely a special project.  The plaintiff provides no evidence that she was passed over for work on that particular project, what the project might have been, or that Yates was ever made a permanent employee.  The court has no evidence before it that Yates received continued employment with GME or even UAB.

According to the defendant, the plaintiff was paid differently than Yates and given different job assignments than Yates because they were hired for two distinct functions.  The plaintiff complains that she was treated differently, but does not show that Yates was hired to perform clerical tasks, and does not offer any evidence to support that she was hired for any purpose other than clerical tasks.  The reason offered by an employer for an action "'does not have to be a reason that the judge or

jurors would act on or approve' ... Instead, all that matters is that the employer advance an explanation for its action that is not discriminatory in nature." *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1269 (11th Cir.1999).  The court's role is not to judge whether decisions are prudent or fair, but rather only whether they are motivated by a discriminatory animus.   See e.g., *Lee v. GTE Florida, Inc.,* 226 F.3d 1249, 1253 (11th Cir.2000). The difference in job treatment based on the difference in job duties, regardless of job title, is not only sufficient to prevent Yates from being an appropriate comparator, but also a legitimate, non-discriminatory reason for defendant's actions, to which the plaintiff wholly failed to offer any evidence in response, to demonstrate pretext.

Because the plaintiff failed to offer an appropriate comparator, and further failed to rebut the defendant's legitimate, non-discriminatory reason for its actions, the court must grant summary judgment on the plaintiff's claims for discrimination.

**Retaliation**

The plaintiff also alleges that her employment was ended because of her complaints that Craft was discriminating against her.  Plaintiff's response, at 15.  To establish retaliation for engaging in protected activity, the court must apply the *McDonnell-Douglas* burden shifting standard.  The plaintiff must prove (1) she participated in a protected activity; (2) she suffered an adverse employment action;

and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision. *Gupta v. Board of Regents*, 212 F.3d 571, 587 (11th Cir. 2000), citing *Farley v. Nationwide Mut. Ins*., 197 F.3d 1322, 1336 (11th Cir.1999).  *See also Holifield v. Reno,* 115 F.3d 1555, 1566 (11th Cir.1997).

The plaintiff was informed that her employment with GME would end October 30, the day before she filed her EEOC charge.  Thus, the ending of her employment on October 30, 2007, preceded her protected activity and therefore could not be in retaliation for it.  Additionally, the actions taken by the Temporary Services office, about which the plaintiff complains, were taken by a black female.  Although the plaintiff asserts she complained to Lewis and Shanine Moore about her treatment in July 2007, the sole evidence of this is plaintiff's statement in her affidavit that "I explained to Ms. Lewis that I needed to work and could not afford to be unemployed, and reminded her that I had already complained to both her and Shanine Moore in July 2007."  Simpson affidavit, ¶ 106.  This is not evidence of engaging in protected activity.  Not all complaints qualify as such.  As the court reads the plaintiff's statements, in conjunction with her entire affidavit, the plaintiff complained in July 2007 that she was not being trained on Oracle.  This is not protected activity.

Even if the court could find a protected activity, the plaintiff has provided no causal connection between her termination from GME on October 30, 2007, and her

filing of an EEOC charge on November 1, 2007. The plaintiff was informed after she filed her EEOC charge that she would be removed from the active roster of temporary employees, but the plaintiff does not assert this was an adverse employment action.[8] She only complains that after Craft told her that her assignment to GME was ending, she accused Craft of discrimination. Plaintiff's response, at 15. Thus, the adverse employment action, the termination of her employment at GME, preceded her complaints to Craft and the Temporary Services office.[9]

Although plaintiff accuses Craft of discriminatory conduct, she accuses the Temporary Services office of retaliation. The plaintiff offers no evidence, or even argument, how these are causally connected. Having sought evidence that the events about which the plaintiff complains are not "wholly unrelated," the court can find none. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir.2001); *Clover v. Total System Services, Inc.,* 176 F.3d 1346, 1354 (11th Cir.1999) (quoting *Simmons v. Camden County Bd. of Educ.,* 757 F.2d 1187, 1189 (11th Cir.1985)). To satisfy this element, the plaintiff must provide "sufficient evidence that the decision-maker

---

[8]Indeed, the plaintiff offers no evidence that, had she remained on the active roster, she would have been placed in another temporary assignment.

[9]The plaintiff also argues that "[s]omeone who had worked for her employer for nine years who is suddenly rendered 'inactive' certainly meets the test for retaliatory action." Plaintiff's response, at 16. However, plaintiff's own evidence does not support this assertion. Her resume, submitted as plaintiff exhibit A, shows that the plaintiff worked for UAB from 1985 until 1994 in various positions. She then did not work for UAB again until 2007. Thus, her nine year employment is wholly removed from her "sudden" inactive status.

became aware of this protected conduct, and that there was close temporal proximity between this awareness and the adverse employment action." *Farley v. Nationwide Mut. Ins. Co.,* 197 F.3d 1322, 1337 (11th Cir.1997).  "It is not enough for the plaintiff to show that someone in the organization knew of the protected expression; instead, the plaintiff must show that the person taking the adverse action was aware of the protected activity." *Bass v. Bd. of County Comm'rs,* 256 F.3d 1095, 1119 (11th Cir.2001).  The plaintiff has failed in this regard.

Even if viewed in the light most favorable to the plaintiff the court could find a causal connection, the court must then return to the analysis it engaged in above, namely whether the defendant has offered evidence of a non-discriminatoy reason for its actions.  The defendant has done so.  In essence, the defendant did not believe the plaintiff to be a satisfactory employee.  The plaintiff therefore has to show that the employer's proffered reason for taking the adverse action was actually a pretext for prohibited retaliatory conduct.  *See Johnson v. Booker T. Washington Broadcasting Service, Inc.,* 234 F.3d 501, 507 n. 6 (11th Cir.2000), citing *Sullivan v. National Railroad Passenger Corp.,* 170 F.3d 1056, 1059 (11th Cir.1999) (quoting *Raney v. Vinson Guard Service,* 120 F.3d 1192, 1196 (11th Cir.1997).

The plaintiff must do more than merely allege pretext to make out a triable issue of fact.  *Earley v. Champion Intern. Corp.,* 907 F.2d 1077, 1084 n. 5 (11th

Cir.1990).   Instead, the plaintiff must point to "concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext.  Mere conclusory allegations and assertions will not suffice." *Earley,* 907 F.2d at 1081. Simply questioning the wisdom or accuracy of the employer's conclusion that the plaintiff was an unsatisfactory employee is insufficient to create a genuine issue of material fact.  *See e.g., Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir.2004).  The plaintiff has offered no evidence in this regard.  Therefore, the court must grant summary judgment on plaintiff's claims of retaliation as well.

## **CONCLUSION**

Having considered the foregoing, and finding that the plaintiff has failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial, the court shall order that the defendant's motion for summary judgment on all counts of the plaintiff's complaint is due to be granted and the plaintiff's claims shall be dismissed with prejudice.

**DONE** and **ORDERED** this the 21st  day of August, 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE